Lin v. Holder

BIA
A077 007 747

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand thirteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges.*

_____

BI YING LIN,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

12-1371
NAC

_____

FOR PETITIONER:      Mouren Wu, New York, NY.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant
                     Attorney General; Ernesto H. Molina,
                     Jr., Assistant Director; Dana M.
                     Camilleri, Trial Attorney, Office of
                     Immigration Litigation, United
                     States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Bi Ying Lin, a native and citizen of the People's Republic of China, seeks review of the March 9, 2012, decision of the BIA denying her motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history in this case.

An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Lin's March 2011 motion was untimely and number-barred, as it was her third motion to reopen, filed more than eight years after the BIA's final administrative decision. Although these time and number limitations do not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing," 8 C.F.R. § 1003.2(c)(3)(ii); *see also*

2

8 U.S.C. § 1229a(c)(7)(C)(ii), in her most recent motion to reopen, Lin did not assert a material change in country conditions in China, but rather requested that the BIA exercise its discretion to reopen proceedings *sua sponte*.

The BIA declined to reopen *sua sponte* and we lack jurisdiction to review that decision, as it is "entirely discretionary." *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). Although we may remand "where the [BIA] may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), there is no indication that the BIA misperceived the law in this case.

We have reviewed Lin's other arguments and they do not alter our conclusion that we lack jurisdiction to hear her petition. For the foregoing reasons, the petition for review is DISMISSED. Petitioner's pending motion for a stay of removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3